# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRYL TYRONE FOSTER,<br><br>                    Petitioner,<br><br>    vs.<br><br>MATTHEW CATE, Secretary,<br>California Department of Corrections<br>and Rehabilitation,<br><br>                    Respondent. | CASE NO. 11-cv-2270-LAB (WMc)<br><br>**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS** |

## **I.  INTRODUCTION**

Derryl Tyrone Foster (hereinafter "Petitioner"), a state inmate proceeding *pro se*, petitions the Court for a writ of habeas corpus. [ECF No. 1.] Petitioner filed a first amended petition ("FAP"), adding new claims. [ECF No. 22.] Respondent moves to dismiss Petitioner's FAP as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. [ECF No. 30.] Petitioner filed an opposition to Respondent's motion.  [ECF No. 34.]  Respondent filed a reply.  [ECF No. 35.]

The Court submits this report and recommendation to United States District

Judge Larry A. Burns pursuant to 28 U.S.C. section 636(b)(1) and Local Civil Rule H.C.2 of the United States District Court for the Southern District of California.

## II. PROCEDURAL HISTORY

### A. Jury Trial

In 2005, Petitioner and two others robbed the Blarney Stone Pub. (Lodg. No. 1 at 1-2.) The jury convicted Petitioner of armed robbery plus three counts of false imprisonment. (Lodg. No. 1 at 1-2.) The trial court sentenced Petitioner, a "Three Strikes" recidivist, to an indeterminate term of thirty-six years to life imprisonment. (Lodg. No. 1 at 2.)

### B. Direct Appeal

Petitioner appealed his conviction to the California Court of Appeal, Fourth District. (Lodg. No. 1.) The California Court of Appeal affirmed the conviction and denied the appeal. (Lodg. No. 1.) Petitioner petitioned the California Supreme Court to review his appeal.[1] (Lodg. No. 2.) On August 27, 2008, the California Supreme Court denied review. (Lodg. No. 3.)

### C. First State Habeas Corpus Petition

**1. San Diego Superior Court**

On December 22, 2008, Petitioner filed his first habeas corpus petition in the San Diego County Superior Court. (Lodg. No. 4.) The petition included the following five claims: (1) the trial court violated Petitioner's Fourteenth Amendment right to a fair and impartial jury trial because the trial court judge patronized the bar that Petitioner was charged with robbing ("claim A")[2]; (2) Petitioner was denied his Sixth Amendment right to effective assistance of counsel because his counsel failed to raise jury and judge bias issues, object to prosecutorial misconduct, subpoena witnesses and audio-video cameras, disclose a conflict of interest with the judge, file

---

[1] Petitioner's claims before the California Supreme Court on direct review mirror the claims he filed in instant federal habeas corpus petition.

[2] In order to identify and track Petitioner's claims, the Court designates each claim with a letter, i.e., "claim A, claim B, claim C, etc."

motions, and allowed Petitioner to take the stand which caused Petitioner harm ("claim B"); (3) the trial court violated Petitioner's Fourteenth Amendment right to a fair and impartial trial because the trial court failed to inform the jury that aiding and abetting is a lesser included offense ("claim C"); (4) the trial court violated Petitioner's Fourteenth Amendment right to a fair and impartial trial because the trial court judge instructed the jury with an improper consciousness of guilt instruction based on California Criminal Jury Instruction 362 ("claim D"); and, (5) the trial court violated Petitioner's Fourteenth Amendment rights because the judge improperly instructed the jury on the reasonable doubt standard ("claim E"). (Lodg No. 4.) The superior court denied the petition on March 27, 2009. (Lodg. No. 5) The superior court held that Petitioner: (1) did not set forth a *prima facie* statement of facts which would entitle Petitioner to habeas corpus relief under the law; (2) did not plead sufficient grounds for relief; and (3) improperly attempted to use the habeas corpus petition as a second appeal on matters that were already raised and rejected on appeal. (Lodg. No. 5 at 2-4.)

**2. California Appellate Court**

On May 4, 2009, Petitioner filed a habeas corpus petition at the California Court of Appeal. (Lodg. No. 6.) Petitioner raised the exact same claims (claims A-E above) from his December 22, 2008 habeas corpus petition to the San Diego County Superior Court. (Lodg. No. 6.) On May 8, 2009, the court of appeal denied the petition. (Lodg. No. 7.) The appellate court denied without prejudice Petitioner's claims because they were not filed in a proper lower court.[3] (Lodg. No. 7 at 1.)

**3. California Supreme Court**

On July 27, 2009, Petitioner filed a habeas corpus petition at the California Supreme Court. (Lodg. No. 8.) Petitioner raised essentially the same ineffective assistance of counsel claim (claim B above) from his superior and appellate court

---

[3] Petitioner indicated in his petition to the appellate court that he had yet to file a petition in any other state court regarding his claims. (Lodg. No. 6 at 1.) It appears the appellate court was unaware of Petitioner's superior court filing. (Lodg. No. 7 at 4.)

petitions.[4]  (Lodg. No. 8.)  On December 17, 2009, the California Supreme Court denied Petitioner's habeas corpus petition.  (Lodg. No. 9.)  The California Supreme Court issued a one-page denial citing *In re Swain*, 34 Cal.2d 300, 304 (1949).  (Lodg. No. 9 at 1.)

**D.     Second State Habeas Corpus Petition**

   **1. San Diego Superior Court**

On June 28, 2010, Petitioner filed a second habeas corpus petition in the San Diego County Superior Court.  (Lodg. No. 10.)  Petitioner included the following three claims: (1) the trial court violated Petitioner's Fourteenth Amendment rights because the judge improperly instructed the jury that Petitioner robbed the Blarney Stone Pub ("claim F"); and (2) the trial court violated Petitioner's Fourteenth Amendment rights because the judge created a conflict of interest when he drank with Petitioner's counsel at the Blarney Stone Pub while the judge and Petitioner's counsel conducted their own investigation and discussed Petitioner's case (claim A); and (3) ineffective assistance of counsel[5] because the court-appointed counsel acted as an investigator for the trial court judge when counsel failed to object to, or file motions regarding, prejudicial information that the judge disclosed to the jury during *voir dire*, failed to timely file bifurcation and suppression motions, and failed to subpeona audio-video surveillance (claim B).  (Lodg. No. 10.)

The superior court denied the petition on August 13, 2010.  (Lodg. No. 11.)  The superior court denied the first claim because: (a) the same claim was raised and denied in Petitioner's first habeas corpus petition, and Petitioner did not demonstrate a

---

[4] Petitioner also asserts a second ineffective assistance of counsel claim regarding his appellate counsel's failure to investigate. (Lodg. No. 8). Petitioner supports this claim by asserting the trial judge prejudiced him by leading the jury to believe he was guilty before the trial. *Id*. The extent to which this allegation constitutes a "claim" which was "fairly presented" to the state courts was not raised in the briefs and remains unclear.

[5] The superior court's opinion did not address the ineffective assistance of counsel aspect of Petitioner's amalgamated claim number two. However, this Court distinguishes the two claims for purposes of this report and recommendation.

1 change in existing law or facts; and (b) Petitioner did not set forth a *prima facie*
2 statement of facts that entitled him to relief under the law. (Lodg. No. 11 at 2, 4.) The
3 superior court denied claim two because: (a) Petitioner did not set forth a prima facie
4 statement of facts that entitled him to relief under the law; and (b) Petitioner must
5 raise judicial bias claims on direct appeal. (Lodg. No. 11 at 3-4.)

**E.     Federal Habeas Corpus Petition**[6]

On September 28, 2011, Petitioner filed his original federal habeas corpus petition. [ECF No. 1.] The petition contains five claims. [ECF No. 1.] Three of the five claims - grounds 2, 3, and 4 - mirror those filed on December 22, 2008 in superior court and on May 4, 2009 in the appellate court (claims C, D, and E above). (Lodg. Nos. 4 & 6.)

Petitioner also includes two additional claims: (1) the trial court violated Petitioner's Fourteenth Amendment rights because insufficient evidence existed to support Petitioner's convictions for second degree robbery and false imprisonment ("claim G") and (2) the trial court violated Petitioner's Eight Amendment rights because his thirty-six year sentence is cruel and unusual ("claim H"). [ECF No. 1.]

Claims C, D, E, G, and H mirror the claims presented to the California Supreme Court on direct review. (Lodg. No. 2).

**F.     Court's Denial of Petitioner's Request for Stay and Abeyance**

On September 28, 2011, Petitioner filed a request for stay and abeyance. [ECF No. 4.] In the request, Petitioner stated that the five claims from his federal habeas corpus petition are exhausted. [ECF No. 12 at 1.] However, Petitioner also indicated

---

[6] Petitioner attempted but failed to initiate federal habeas corpus proceedings on September 15, 2010 in case number 3:10-cv-01952 BTM(BLM). Petitioner filed a motion to stay on September 15, 2010 but did not include an petition for writ of habeas corpus. The Court denied the motion to stay and instructed Petitioner on the AEDPA one-year statute of limitations. Petitioner then filed an "amended" petition with claims regarding trial court error (failure to instruct and failure to sever), ineffective assistance of counsel, and insufficient evidence. The Court dismissed the petition because Petitioner failed to submit the filing fee or adequate proof of his inability to pay and a second amended petition to cure the deficiencies identified by the Court in the first amended petition. (The Court takes judicial notice of the docket for Case No. 3:10-cv-01952-BTM (BLM)).

he intended to add other, unexhausted claims. [ECF No. 4 at 1.] Respondent opposed Petitioner's request for a stay. [ECF No. 11.]

On January 6, 2012, Petitioner replied to Respondent's opposition. [ECF No. 12.] In his reply, Petitioner identified three purportedly unexhausted claims. [ECF No. 12.] These claims include: (1) the trial-court-appointed counsel violated Petitioner's due process right under the Sixth Amendment when counsel failed to properly cross-examine witnesses, including police officers, that testified inconsistent with previous statements (claim B); (2) the prosecution violated Petitioner's due process right under the Fourteenth Amendment because the prosecution introduced false information to the jurors at the *voir dire* proceeding (claim F); and (3) the trial court and court-appointed counsel violated Petitioner's Fourteenth and Sixth Amendment rights to a fair trial and effective assistance of counsel, respectively, because they committed prejudicial error when they failed to conduct a full investigation of jurors that spread biased information and counsel failed to file for mistrial when at least one juror learned about Petitioner's extrinsic prior conviction during the trial ("claim I"). [ECF No. 12.] Petitioner also claimed he raised the three unexhausted claims in a separate habeas corpus petition that he filed in the California Supreme Court on October 3, 2011. [ECF No. 4 at 1.]

While Petitioner and Respondent briefed this issue, the California Supreme Court denied Petitioner's three purportedly unexhausted claims. (Lodg. No. 15.) The record confirms that on October 3, 2011 Petitioner filed a habeas corpus petition at the California Supreme Court. (Lodg. No. 12.) Petitioner filed the same three claims at the California Supreme Court that he filed in his reply to Respondent's opposition in federal court.[7] (Lodg. Nos. 12-14.) On February 15, 2012, the California Supreme Court denied the petition, citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998) and *In re*

---

[7] Claims B, F, and I at the California Supreme Court include–almost verbatim–the same legal theory and facts Petitioner presented in his Request for Stay and Abeyance. However, Petitioner split claim I from his federal petition into two claims at the California Supreme Court; thus his California Supreme Court petition includes four claims.

1 *Clark*, 5 Cal. 4th 750, 767-769 (1993). (Lodg. No. 15 at 1.)

2 Respondent then filed an "Application for Leave to File Supplemental Response in Opposition to Motion to Stay." [ECF No. 14 and 15.] Respondent argued the stay and abey issue is moot because Petitioner's previously unexhausted claims are now exhausted. [ECF No. 15 at 3.] Furthermore, Respondent reiterated Petitioner's AEDPA statute of limitation time has run. [ECF No. 15 at 3-5.] However, Respondent recognized that neither Petitioner nor Respondent had fully briefed the statutory and equitable tolling issues. [ECF No. 15 at 5-6.] Therefore, Respondent requested the Court deny Petitioner's request for a stay, and to set a briefing schedule to permit both sides to argue the statutory and equitable tolling issues. [ECF No. 15 at 6.]

The Court concluded Petitioner exhausted claims B, C, D, E, F, H, I and G and denied Petitioner's motion to stay as moot. [ECF No. 19.] Additionally, the Court ordered Petitioner shall file an amended petition [*Id.*], and set a briefing schedule for the parties to brief the timeliness issue following Petitioner's FAP. [ECF No. 23.] The Court will now address the arguments raised in the briefing on the timeliness issue.

## IV.  ARGUMENTS

**A.    Summary of Respondent's Arguments**

*Overview*

Respondent contends Petitioner's original petition and the FAP are untimely. Respondent contends Petitioner is entitled to *limited* statutory tolling but not equitable tolling.

*Statutory Tolling*

Respondent contends the statute of limitations began on November 26, 2008. The limitations period ran for ***27 days*** until statutorily tolled by Petitioner's first round of state habeas corpus proceedings. The first round of state habeas proceedings ended on December 17, 2009 when the California Supreme Court denied relief. The

limitations period ran again–for 193 days–from December 17, 2009 until June 28, 2010, when Petitioner began his second round of state habeas proceedings. Respondent argues Petitioner is not entitled to statutory gap-tolling *between* his first and second state habeas proceedings. Respondent further argues Petitioner is not entitled to statutory gap-tolling *during* his second state habeas petition which began June 28, 2010 and ended February 15, 2012. Respondent marks the denial of the second state habeas corpus petition by the superior court as the restart of the limitations period, and contends **411 days** elapsed between the restart date and September 28, 2011, the date Petitioner filed his federal habeas corpus petition. Respondent acknowledges Petitioner's September 15, 2010 federal habeas corpus petition but contends that filing did not toll the limitations period in the instant case.

Accordingly, Respondent concludes Petitioner had until January 5, 2011 to timely file his federal habeas corpus petition. Petitioner, however, waited until September 28, 2011 to file, thus exceeding the statute of limitations by nine months, unless equitable tolling applies.

*Equitable Tolling*

Respondent contends Petitioner is not entitled to equitable tolling because Petitioner has failed to demonstrate that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing. Specifically, Respondent contends Petitioner's excuses for timely filing – including his appellate counsel's failure to present issues on direct review or instruct Petitioner on habeas filings, his lack of legal sophistication, his mental health issues, prison lockdowns and cell searches, and his limited library access – do not constitute extraordinary circumstances that prevented Petitioner from timely filing. Respondent concludes Petitioner's failure to timely file is due to Petitioner's own lack of diligence. Therefore, Petitioner is not entitled to equitable tolling.

///

///

**B.     Summary of Petitioner's Arguments**

Petitioner does not address statutory tolling or provide any analysis or argument on gap tolling. Rather, Petitioner contends the Court should find his federal petition timely based on equitable factors. Specifically, Petitioner contends the Court should apply equitable tolling and find his petition timely because the following factors made it impossible for Petitioner to timely file his federal petition: (1) Petitioner's appellate counsel failed to raise "very important issues" on direct review and failed to explain to Petitioner how Petitioner could raise the issues on collateral review; (2) Petitioner is a layman; (3) Petitioner has mental health issues for which he takes medication – Petitioner has confused thinking, memory loss, panic attacks, and hears voices in his head; (4) Petitioner was subjected to lockdowns and cell searches during which Petitioner's legal materials were mishandled and mixed up; (5) Petitioner was placed in Administrative Segregation for harming another inmate and had limited access to the law library.

## V.  LEGAL STANDARD

**A.     AEDPA Time Limit**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this action and all others filed after April 26, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

      United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." *See Evans v. Chavis*, 546 U.S. 189, 192 (2006); *Carey v. Saffold*, 536 U.S. 214, 222–24 (2002).

  In reviewing habeas petitions from California, the Ninth Circuit formerly employed the following rule: where California courts did not explicitly dismiss a habeas petition for lack of timeliness, the petition is presumed timely. The United States Supreme Court has rejected this approach and requires the lower federal courts to determine whether a state habeas petition was filed within what California would

1 consider a reasonable period of time. *Chavis*, 546 U.S. 189. Section 2244(d)(2) is
2 satisfied when a state post-conviction petition is determined to be untimely by a state
3 court. *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing *Pace v.
4 DiGuglielmo*, 544 U.S. 408, 414 (2005)); *see also Carey*, 536 U.S. at 226. However,
5 in the absence of a clear indication that petitioner's state habeas petitions were denied
6 as untimely, this court is charged with the duty to independently determine whether
7 petitioner filed his state habeas petitions within what California would consider a
8 reasonable time. *Chavis*, 546 U.S. at 198.

9       In addition, a petitioner may be entitled to equitable tolling if he can show
10 "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
11 circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130
12 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct.
13 1807 (2005)).

14       Under § 2244(d)(1)(A), the limitation period begins to run on "the date on
15 which the judgment became final by the conclusion of direct review or the expiration
16 of the time for seeking such review." *See Wixom v. Washington*, 264 F.3d 894, 897
17 (9th Cir. 2001). The statute commences under § 2244(d)(1)(A) upon either: (1) the
18 conclusion of all direct criminal appeals in the state court system, followed by either
19 the completion or denial of certiorari proceedings before the United States Supreme
20 Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal
21 appeals in the state court system followed by the expiration of the time permitted for
22 filing a petition for writ of certiorari. *Wixom*, 264 F.3d at 897 (quoting *Smith v.
23 Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999)).
24 ///
25 ///
26 ///
27 ///
28 ///

# VI. DISCUSSION

## A. Time-line of Relevant Events

| Date: | Event: |
|---|---|
| August 27, 2008 | California Supreme Court denied Petitioner's petition for review on August 27, 2008. (Lodg. 3). |
| November 25, 2008 | Judgment became final 90 days after the supreme court's denial because Petitioner did not seek certiorari from the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). |
| November 26, 2008 | ***Statute of limitations begins to run.*** |
| | ***27 days elapsed until*** |
| December 22, 2008 | Petitioner signed his first state habeas corpus petition. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (deeming petition filed on date Petitioner signs petition). |
| December 17, 2009 | California Supreme Court denied relief on Petitioner's first state habeas corpus petition. (Lodg. 9). |
| | ***193 days elapsed until*** |
| June 28, 2010 | Petitioner files second state habeas corpus petition in superior court. (Lodg. 10). (Petitioner did not date this petition with his signature). |
| August 13, 2010 | Superior court denied habeas relief. (Lodg. 11). |
| | ***Statute of limitations runs*** |
| September 15, 2010 | Petitioner attempted habeas corpus proceedings but failed to follow through and the petition was dismissed on April 4, 2011. (Docket for Case No. 3:10-cv-01952-BTM (BLM)). This federal petition did not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). |
| | ***402 days elapsed since August 13, 2010 until*** |
| September 19, 2011 | Petitioner signed a petition for writ of habeas corpus in federal court. [ECF No. 1.] |
| September 22, 2011 | Petitioner signed and filed another petition for writ of habeas corpus in the California Supreme Court. (Lodg. 12). |
| February 15, 2012 | California Supreme Court denied Petitioner's second habeas petition citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998) and *In re Clark*, 5 Cal. 4th 750, 767-69 (1993). |
| July 5, 2012 | Petitioner filed the first amended petition ("FAP"). [ECF No. 22.] |

## B.  Analysis

*Statutory Tolling*

As demonstrated in the time-line above, Petitioner allowed 622 days (27 + 193 + 402) to elapse before filing his federal habeas corpus petition. The 622-day tally does not include Petitioner's first round of state habeas corpus proceedings or Petitioner's second-round state habeas petition to the superior court. Rather, the Court finds statutory tolling applies to these periods because the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward" the one-year limitation period.[8] 28 U.S.C. § 2244(d)(2) (italics added).

The 622-day tally includes three periods of elapsed time: 27 days, 193 days, and 402 days. The application of statutory tolling to the first two periods (the 27-day and 193-day non-tolled periods) is fairly straightforward because the statute began to run 90 days after the supreme court's denial, *Bowen*, 188 F.3d at 1158-59, tolled during Petitioner's full-round of state habeas proceedings, then ran again until Petitioner began his second round of state habeas corpus proceedings. 28 U.S.C. § 2244(d)(2).

Further, the Court finds the time between the first and second rounds (193 days) should not be statutorily tolled because (1) Petitioner introduced new and distinct claims, as well as old claims, in his second state habeas petition, *See Welch v. Carey*, 350 F.3d 1079, 1083 (9th Cir. 2003), and (2) Petitioner waited an unreasonable amount of time (193 days) to begin the second round. *See Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (noting Supreme Court presumes as reasonable 30-60 or 30-45 day intervals and concluding 146-day interval unreasonable); *but see Smith v. Small*, No. 11-57167, 2013 WL 1150906 (9th Cir. 2013) (reversing district court and holding 85–day delay reasonable because it was close to a 30-60 day interval,

---

[8] Arguably, Petitioner is not entitled to statutory tolling for his incomplete second round because tolling applies to "full rounds" in which the prisoner is "moving up" through the state appellate courts. *See Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir. 2003). Regardless of whether or not this brief period is tolled, Petitioner still failed to timely file his federal petition.

California Supreme Court did not indicate petition was untimely, petitioner proceeded *pro se* and had limited access to legal files while in protective custody).

In addition, even if the Court concluded that statutory tolling applied to the 193-day gap between Petitioner's first and second rounds in state court, the 402-day gap between the end of Petitioner's second round of state habeas corpus proceedings and his filing in federal court renders his original petition and his FAP untimely. Based on the record before the Court, it appears Petitioner started his second round of state habeas proceedings in superior court, skipped review at the appellate level, and then petitioned the California Supreme Court 405 days after the superior court's denial. Petitioner's failure to complete his second round of state habeas proceedings in a timely manner – Petitioner's second round began on June 28, 2010 and ended February 15, 2012 – does not toll the AEDPA statute of limitations. *See Banjo*, 614 F.3d at 970; *see also Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir. 2003) (concluding that a prisoner only receives tolling for "full rounds" in which the prisoner is "moving up" through the state appellate courts). Moreover, the California Supreme Court's February 15, 2012 silent denial cited to *In re Robbins*, 18 Cal. 4th 770, 780 (1998) and *In re Clark*, 5 Cal. 4th 750, 767-69 (1993), thus indicating the California Supreme Court found Petitioner's second state habeas petition untimely *and* procedurally barred as repetitious, piecemeal, and successive. *See Thomas v. Hubbard*, No. C 12-1019, 2013 WL 144904, *2 (N.D. Cal. Jan. 11, 2013) (analyzing import of California Supreme Court's citations to both *Robbins* and *Clark* in regards to a motion to dismiss a habeas corpus petition as procedurally defaulted).

Accordingly, Petitioner is only entitled to limited statutory tolling for his first round of state habeas corpus proceedings (December 22, 2008 through December 17, 2009) and the timely filed portion of his incomplete second round of state habeas corpus proceedings (June 28, 2010 through August 13, 2010). Petitioner had 365 days in which to timely file his federal petition under the AEDPA standard but allowed 622 un-tolled days to elapse before filing. Therefore, if Petitioner cannot demonstrate

sufficient equitable reasons for the Court to excuse the 259-day discrepancy, Petitioner's federal habeas petition is untimely.

*Equitable Tolling*

Petitioner is not entitled to equitable tolling because he has not pursued his rights diligently and has not demonstrated extraordinary circumstances prevented him from timely filing. *See Holland,* 130 S.Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). Indeed, the table of relevant events, *supra*, demonstrates Petitioner's lack of diligence. Although Petitioner's state collateral review started promptly after the conclusion of his direct review, Petitioner inexplicably waited 193 days after his first round of collateral review to begin a second round of collateral review. Then, following the superior court denial of his second state habeas petition, Petitioner inexplicably waited another 405 days to file the petition in the California Supreme Court. Furthermore, even though Petitioner filed a federal petition on September 15, 2010, the case was dismissed because Petitioner failed to submit the filing fee or adequate proof of his inability to pay and a second amended petition to cure the deficiencies identified by the Court in the first amended petition. (Docket for Case No. 3:10-cv-01952-BTM (BLM)). In short, Petitioner's failure to follow through with his first federal habeas corpus petition, coupled with the inexplicable and lengthy delays in filing his state habeas corpus petitions, demonstrate a general lack of diligence in pursing his claims.

Petitioner's explanation for his delay in filing the instant petition is insufficient to justify equitable tolling because Petitioner's reasons are neither extraordinary nor do they demonstrate an impediment to filing beyond Petitioner's control. For example, Petitioner's claim that his appellate counsel failed to raise "very important issues" on direct review and failed to explain to Petitioner how Petitioner could raise the issues on collateral review, as well as Petitioner's status as a layman, do not constitute extraordinary impediments to filing because Petitioner began his state collateral review after only 27 days had elapsed. Therefore, Petitioner had ample time to take the claims he exhausted on state collateral review and present them in a federal

1  habeas corpus petition. Moreover, with full knowledge of the factual predicate for all
2  claims in the instant petition, Petitioner reached the federal court with (an attempted)
3  petition for federal habeas corpus relief on September 15, 2010, but Petitioner allowed
4  the petition to languish and the petition was dismissed. Moreover, Petitioner managed
5  to present certain claims to the federal court in an amended petition before the petition
6  was dismissed. Thus, the Court finds Petitioner's appellate counsel's alleged failure
7  did not impede Petitioner from filing the instant petition.

8  Similarly, Petitioner's general allegations of being subject to lockdowns,
9  administrative segregation and cell searches also fails. Lockdowns warrant equitable
10 tolling only where a substantial lockdown period denies the prisoner access to
11 materials necessary to file a petition despite the prisoner's diligent efforts to obtain the
12 materials. *See Espinoza–Matthews v. California*, 432 F.3d 1021, 1028 (9th Cir. 2005)
13 ("For nearly 11 months, despite his diligence, [petitioner] could not obtain his legal
14 papers."). The petitioner "bears the burden of showing his own diligence and that the
15 hardship caused by lack of access to his materials was an extraordinary circumstance
16 that caused him to file his petition . . . late." *Waldron–Ramsey v. Pacholke*, 556 F.3d
17 1008, 1013 (9th Cir.2009) (citing *Pace*, 544 U.S. at 418)). Petitioner has not met his
18 burden because he has failed to provide the Court with any information regarding the
19 length of time he was allegedly deprived access to his materials, the specific materials
20 he needed in order to file, or the efforts he undertook to retrieve the materials he
21 needed. *See Waldron-Ramsey*, 556 F.3d at 1013. Without specific information
22 regarding the duration of the alleged deprivation, Petitioner's diligent efforts to
23 counter that alleged deprivation, or the necessity of the withheld documents, this
24 Court can only conclude it was Petitioner's lack of diligence, and not external factors,
25 that caused Petitioner's delay.

26 Finally, Petitioner has failed to show his mental health issues were "so severe
27 that either "(a) [he] was unable rationally or factually to personally understand the
28 need to timely file, or (b) [his] mental state rendered him unable personally to prepare

1  a habeas petition and effectuate its filing." *Bills v. Clark*, 628 F.3d 1092, 1099-10 (9th
2  Cir. 2010). Petitioner did not allege, nor did Petitioner attach documents to show, he
3  was unable to understand the need to timely file or that his mental disorder rendered
4  him unable to prepare and file his habeas petition. *See Nelson v. Clark*, No. SA CV
5  09-761, 2009 WL 6640990, *4 (C.D. Cal Nov. 13, 2009) (noting the petitioner "has
6  not presented any proof that he was unable to understand or manage his legal affairs
7  or file his Petition in a timely manner due to his dyslexia"). Further, the Court notified
8  Petitioner of the AEDPA statute of limitations on October 1, 2010, following
9  Petitioner's request for a stay. (Docket of Case No. 3:10-cv-01952-BTM (BLM)).
10 Furthermore, Petitioner's request for a stay demonstrates he understood the need to
11 file a federal petition within a certain amount of time. Petitioner further demonstrated
12 his understanding of the need to timely file under the AEDPA (albeit after the
13 limitations period expired) when he specifically cited the AEDPA one-year statute of
14 limitations in the motion to stay and abey the instant federal petition while he
15 exhausted his claims in state court. [ECF No. 4.] Similarly, Petitioner's numerous
16 filings in state and federal court demonstrate his ability to personally prepare and file a
17 habeas petition.

18      Petitioner's numerous, scattershot filings also demonstrate the reason for his
19 failure to timely file: his own lack of diligence. Petitioner's *first* omission, which he
20 does not contend was caused by his mental health issues, was his failure to file a
21 federal petition immediately after completing his first round of collateral review in
22 state court. Petitioner's *second* omission was his inexplicable failure to follow through
23 with his September 15, 2010 federal habeas corpus petition. (Case No. 3:10-cv-01952-
24 BTM (BLM)). Because Petitioner knew *how* and *when* to file a federal petition for
25 writ of habeas corpus, the Court finds Petitioner's failure to timely file his federal
26 petition stems from his own lack of diligence, and not his alleged mental health issues.

27                         **VII. CONCLUSION**
28      The Court submits this Report and Recommendation to United State District

1  Judge Larry A. Burns under 28 U.S.C. section 636(b)(1) and Local Civil Rule HC.2 of
2  the United States District court for the Southern District of California. For all the
3  foregoing reasons, **IT IS HEREBY RECOMMENDED** this habeas Petition be
4  **DISMISSED**. **IT IS FURTHER RECOMMENDED** the Court issue an Order (1)
5  approving and adopting this Report and Recommendation and (2) directing that
6  judgment be entered dismissing the FAP with prejudice.

7       **IT IS HEREBY ORDERED** no later than **May 31, 2013** any party to this
8  action may file written objections with the Court and serve a copy on all parties. The
9  document should be captioned "Objections to Report and Recommendation."

10      **IT IS HEREBY FURTHER ORDERED** any Reply to the Objections shall be
11 filed with the Court and served on all parties no later than **June 7, 2013**. The parties
12 are advised that failure to file objections within the specified time may waive the right
13 to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158
14 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

15      IT IS SO ORDERED.
16 Date: May 10, 2013

                                        _____
                                        Hon. William McCurine, Jr.
                                        U.S. Magistrate Judge,
                                        U.S. District Court