# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRYL TYRONE FOSTER,<br><br>                  Petitioner,<br>  vs.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,<br><br>                  Respondent. | CASE NO. 11-cv-2270-LAB (WMc)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Foster filed a habeas petition on September 28, 2011, and a first amended petition on July 5, 2012. Pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and (d) it was referred to Magistrate Judge McCurine for a Report and Recommendation. Now before the Court is Respondent's motion to dismiss. He argues that the petition is barred by AEDPA's one-year state of limitations.

Judge McCurine issued an R&R on May 10, 2013 agreeing with Respondent, which the Court must now review. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *See also* 28 U.S.C. § 636(b). If no objection is made, however, this de novo determination isn't required.

- 1 -

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Foster is a prisoner and is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Judge McCurine's R&R couldn't be more thorough. It details to the day the rather complex history of Foster's habeas petitions in state court, and it even includes a very useful timeline that shows exactly where the clock was ticking on Foster's right to seek federal habeas relief. (R&R at 12.) It explains where (and why) Foster is entitled to statutory tolling, but also where (and why) he isn't. (R&R at 13–15.) It addresses head-on (and rejects) Foster's claim that ineffective assistance of counsel, limited time and resources in prison to do legal work, and his own diminished capacity entitle him to equitable tolling. (R&R at 15–17.) The Court has carefully reviewed Foster's objection to the R&R and finds that it is hardly an objection at all. Rather than take issue with R&R's detailed analysis, Foster more or less recycles the same conclusory arguments from his underlying opposition to Respondent's motion to dismiss. He simply has no specific rebuttal to the substance of the R&R for the Court to even consider.

The Court finds Judge McCurine's R&R to be well-reasoned and correct. It is therefore **ADOPTED**, and Respondent's motion to dismiss Foster's habeas petition is **GRANTED**. The Court also **DENIES** Foster a certificate of appealability. *See Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

**IT IS SO ORDERED**.

DATED: August 23, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge